UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE

| | |
|---|---|
| HALEY SMITH,<br><br>    **Plaintiff,**<br><br>v.<br><br>DR. ERIC CHO, *et al.*,<br><br>    **Defendants.** | CASE NO. 7:24-CV-14-KKC-EBA<br><br>**OPINION AND ORDER** |

*** *** ***

This matter is before the Court on a Motion for Summary Judgment (DE 16) filed by Defendants Highlands Regional Medical Center, Highlands ARH Regional Medical Center, and Highlands Hospital Corporation (collectively, "Highlands Defendants"). Now that this motion is fully briefed, it is ripe for the Court's review.

**I.**

This action arises from Plaintiff Haley Smith's allegations regarding sexual harassment she experienced while working as a travel nurse at Highlands ARH Regional Medical Center ("ARH"). Smith, a Registered Nurse, received this assignment through her employment with AYA Healthcare, a travel nurse staffing agency. This assignment started in August 2022 and lasted, after two extensions, until March 2023.

On February 9, 2023, Smith submitted a complaint to ARH regarding the alleged inappropriate comments and conduct of Dr. Eric Cho, a travel physician working at ARH. She alleges that Dr. Cho asked her out to breakfast during her shift and, when she stated that she was not interested, he picked her up off the ground and kissed her neck. She states that she broke free of his hug and ran into the ER breakroom. She proceeded to report the incident to her immediate supervisor, who assisted Smith in preparing a formal complaint.

Following this incident, Highlands Defendants assert that they worked with Smith to ensure that her schedule did not overlap with Dr. Cho's schedule. They further assert that they promptly investigated and responded to Smith's complaint. They interviewed Dr. Cho, who claimed ignorance of any inappropriate conduct, and ultimately ordered him to continue his work remotely via telemedicine. Further interviews with ARH staff did not reveal any eyewitnesses to Dr. Cho's alleged misconduct.

Despite Highlands Defendants' alleged effort in keeping Smith and Dr. Cho separated, there were two occasions in which Smith and Dr. Cho were in the same vicinity during their shifts. The record does not suggest that Smith and Dr. Cho interacted with each other during these occasions.

Smith's assignment at ARH was scheduled to end on March 12, 2023. Smith's assignment was not extended past that date. Highlands Defendants assert that, by early 2023, ARH had "instituted a system-wide initiative to prioritize hiring full-time, permanent nurses to decrease reliance on travel agency nurses." (DE 16 at 8.) They assert that this initiative was the reason that they could not extend the travel nurse's assignment.

Upon the completion of her assignment at ARH, Smith filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) and the Kentucky Commission on Human Rights. The allegations made in this charge were substantially similar to the complaint that she submitted to ARH but included the allegation that her assignment had not been extended because she had complained about Dr. Cho. The EEOC subsequently issued a Right to Sue letter on August 10, 2023.

On February 7, 2024, Smith filed the instant action. She asserts claims of sexual

harassment and/or sex discrimination under Title VII and the Kentucky Civil Rights Act (KCRA), retaliation under Title VII and the KCRA, intentional infliction of emotional distress and/or outrage, common-law retaliation in violation of KRS § 216B.165, and common-law wrongful termination.

Now, Highlands Defendants have moved for summary judgment on every claim, arguing as follows: (1) Highlands Regional Medical Center and Highlands Hospital Corporation did not employ Smith, so they should be dismissed as parties; (2) Smith was not employed by ARH, so her Title VII and KCRA claims fail as a matter of law; (3) even if the Court finds that Smith was employed by ARH, her Title VII claims are time-barred; (4) Smith's sexual harassment / sex discrimination claims under Title VII and the KCRA fail on the merits; (5) Smith's retaliation claims under Title VII and the KCRA fail on the merits; (6) Smith's wrongful discharge claim under KRS § 216B.165 fails for various independent reasons; (7) Smith's common law wrongful discharge claim fails for various independent reasons; and (8) Smith's IIED / outrage claim fails because it is swallowed by her KCRA claim. The Court will discuss each of their arguments in turn.

## II.

A district court will grant summary judgment when the moving party shows there is no genuine dispute regarding any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If the moving party carries this burden, the burden of production shifts to the nonmoving party to "produce evidence that results in a conflict of material fact to be resolved by a jury." *Cox v. Ky. Dept. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995). Summary

judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322.

At the summary judgment stage, the Court does not weigh the evidence and determine the truth of the matter. *Wiley v. United States*, 20 F.3d 222, 226 (6th Cir. 1994) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). Further, the Court is not to judge the evidence or make findings of fact. *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435-36 (6th Cir. 1987). Rather, this Court determines whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson*, 477 U.S. at 251-52.

## A.

First, Highlands Defendants argue that because Highlands Regional Medical Center and Highlands Hospital Corporation did not employ Smith, they should be dismissed as parties. They assert that Smith's claims can only be brought against employers and that these two Highlands entities "neither employed, [nor] could have employed, Ms. Smith." (DE 16 at 12.) Notably, Smith does not respond to this argument in her response. *See Poynter v. Whitley Cnty. Det. Ctr.*, 722 F.Supp.3d 745, 758 (E.D. Ky. March 22, 2024) ("[W]hen a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded."). Because opposition to this argument is thus waived, Highlands Regional Medical Center and Highlands Hospital Corporation should be dismissed as parties in this action.

Second, and similarly to their first argument, Highlands Defendants argue that

4

because Smith was not an employee of ARH, her claims under Title VII and the KCRA fail as a matter of law. They assert that these claims require an employer-employee relationship between the defendant and plaintiff, and that Smith herself concedes in her discovery responses that she was not an employee of ARH and instead an employee of AYA Healthcare. (DE 16 at 14.) They point out that Smith confirmed AYA Healthcare was her employer during her deposition. (*Id.*)

Despite Smith's admissions that AYA Healthcare, not ARH, was her employer during the relevant time, she attempts to argue that she *was* an employee of ARH because she received ARH's Workplace Harassment Policy when she started her assignment. She asserts that because this Workplace Harassment Policy made it that she worked "under the same conditions, rules, duties and obligations as any employee[,]" "ARH created an employer/employee relationship" with Smith. (DE 19 at 2.) Significantly, Smith does not provide or cite any case law in support of this particular argument.

The Court is not persuaded that Smith was in an employer-employee relationship with ARH during the relevant time. The record clearly demonstrates that Smith was a temporary travel nurse at the hospital, that Smith understood that was the case, and that she understood that her employer was AYA Healthcare. The simple provision of policies to Smith at the beginning of her assignment did not convey employee status in this matter. Further, the Sixth Circuit has explained that the question of whether an employer-employee relationship exists is answered by applying the *Darden* factors to the instant matter. *Shah v. Deaconess Hosp.*, 355 F.3d 496, 499-500 (6th Cir. 2004) (citing *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 322 (1992)).

Highlands Defendants have argued that the *Darden* factors support the conclusion that Smith was not an employee. Among other reasons, they point to: (1) Smith's repeated admissions that she was not ARH's employee; (2) the lack of evidence that ARH had the right to control the manner and means of Smith's performance; (3) the independent special training and credentials required to work as a Registered Nurse; (4) the limited duration and nature of the employment contract between Smith and ARH; and (5) AYA Healthcare being the entity that paid Smith, not ARH. (DE 16 at 16.) Smith failed to respond to any of these points or address the relevant *Darden* factors. In addition to the Court finding Highlands Defendants' analysis persuasive, Smith waived any opposition by failing to consider the controlling case law. Accordingly, Highlands Defendants are entitled to summary judgment on any claims arising under Title VII and the KCRA.

Third, Highlands Defendants argue that even if the Court finds that there was an employer-employee relationship between ARH and Smith, her Title VII claims are time-barred because she did not file her complaint within 90-days of receiving her Right to Sue letter from the EEOC. While the record supports this argument, the Court has already found that Smith and ARH were not in an employer-employee relationship.

Fourth, Highlands Defendants argue that Smith's sexual harassment and sex discrimination claims under Title VII and the KCRA fail to establish a prima facie case of hostile work environment based on sex. Because these claims already fail because Smith cannot establish the existence of an employer-employee relationship with ARH, the Court will decline to address this argument.

Fifth, Highlands Defendants argue that Smith's retaliation claims under Title VII

and the KCRA fail because she has produced no direct evidence of retaliation and cannot satisfy the *McDonnell-Douglas* burden-shifting framework. Because these claims already fail because Smith cannot establish the existence of an employer-employee relationship with ARH, the Court will decline to address this argument as well.

Sixth, Highlands Defendants argue that Smith's wrongful discharge claim under KRS § 216B.165 fails for various independent reasons. To establish a claim for wrongful discharge under this statute, a plaintiff must show that: (1) they engaged in protected activity under the statute; (2) the employer knew about the protected activity; (3) the employer took an adverse employment action against her; and (4) there was a causal connection between the protected activity and adverse employment action. *Blair v. Maxim Healthcare Servs. Inc.*, 710 F. App'x 670, 672 (6th Cir. 2017) (citation omitted). If these elements are satisfied, it falls to the employer to articulate a legitimate, non-retaliatory reason for the alleged adverse action. *Hughes v. Norton Healthcare, Inc.*, No. 2019-CA-0222-MR, 2020 WL 729519, at *6-9 (Ky. App. Ct. Dec. 11, 2020). Then, if the employer can articulate a legitimate non-retaliatory reason, the burden shifts back to the plaintiff to show that the reason is pretextual. *Id.*

Smith's claim fails because she did not suffer an adverse employment action. As discussed in the Court's recitation of the facts, Smith was on a temporary assignment at ARH, and her contract was already set to expire. The length and expiration date of her final assignment with ARH was established prior to Dr. Cho's alleged misconduct. The Court is persuaded that Smith has not produced evidence showing that she had the reasonable expectation of her contract being extended past her final assignment. Further, Highlands

7

Defendants clearly assert that ARH had made a business decision to move away from being reliant on travel nurses. Nevertheless, Smith fails to respond to Highlands Defendants' argument about there being no adverse employment action in this matter. Accordingly, such opposition is waived, and the Court finds that Highlands Defendants are entitled to summary judgment on this claim.

Seventh, Highlands Defendants argue that Smith's common law wrongful discharge claim fails for various reasons—chief among them being that ARH was not her employer during the relevant time. Because the Court has already found that Smith cannot establish the existence of an employer-employee relationship with ARH, Highlands Defendants are entitled to summary judgment on this claim. The Court will decline to address Highlands Defendants' other reasons for summary judgment on this claim.

Eighth, Highlands Defendants argue that Smith's IIED and/or outrage claim fails because it is preempted by her KCRA claim. They point to cases that support the argument that "under Kentucky law, a plaintiff cannot assert a claim for [IIED/outrage] for the same conduct that gave rise to a KCRA claim." *See Suckanek v. Univ. of Ky.*, No. 3:10-19-DCR, 2011 WL 3045986, at *13 (E.D. Ky. July 25, 2011); *see also McDonalds v. Ogborn*, 309 S.W.3d 274, 286 (Ky. App. Ct. 2009) ("[W]hen a plaintiff prosecutes a statutory discrimination claim under the KCRA and a common law claim of IIED, the former preempts the latter."). Highlands Defendants assert that IIED and/or outrage claim arises from the same conduct as her KCRA and Title VII claims, so they are entitled to summary judgment. Because Smith did not respond to this argument and thus waived objection, Highlands Defendants are entitled to summary judgment on this claim.

8

**B.**

While the Complaint includes Dr. Cho as a named defendant, there is no evidence that he was served or filed an answer. This case has nevertheless proceeded through discovery and the filing of dispositive motions. In fact, this matter was originally set for trial on October 20, 2025, before being set aside by previous order. Smith has not moved to include claims against Dr. Cho in his individual capacity and the deadline to amend the pleadings has long passed. Because the Complaint does not appear to include any claims against Dr. Cho, the Court will assume that he was named inadvertently in the caption. It also appears that all parties have worked under the assumption that the counts in Smith's Complaint were made against the Highlands Defendants. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b), the Court will dismiss Dr. Cho as a named defendant in this matter for a failure to prosecute. *See Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) (explaining that it is well settled that district courts can utilize Rule 41(b)'s dismissal authority on a *sua sponte* basis).

**III.**

For the aforementioned reasons, the Court hereby ORDERS as follows:

1) Dr. Eric Cho is dismissed as a party in this action for a failure to prosecute;

2) Highlands Regional Medical Center and Highlands Hospital Corporation are dismissed as parties in this action;

3) Highlands Defendants' Motion for Summary Judgment (DE 16) is GRANTED;

4) the Court will enter a Judgment contemporaneously with this Order; and

9

5) the Court further ORDERS that Highlands Defendants' Motion in Limine (DE 25) is DENIED AS MOOT.

This 17th day of September, 2025.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY